# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON ANDERSON** | **CIVIL ACTION NO: 3:23-cv-1532** |
| Plaintiffs, | |
| v. | **JUDGE:** |
| **DRIVE NEW JERSEY INSURANCE COMPANY AND/OR PROGRESSIVE INSURANCE COMPANY, ACS TRANSPORT, LLC AND /OR ZAZA TRANSPORT, LLC, AND ZEKERIYA KASAP,** | |
| Defendant. | **MAGISTRATE:** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW COMES**, through undersigned counsel, Defendant, Drive New Jersey Insurance Company, who, pursuant to 28 U.S.C. §§ 1333, 1441 and 1446, removes this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court.

**I.  INTRODUCTION**

1. The lawsuit arises out of an alleged motor vehicle accident which occurred on October 6, 2022.[1] On September 19, 2023, Plaintiff, Jason Anderson, filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The suit was assigned case number C-738178.[2] Named as Defendants were Drive New Jersey Insurance Company "and/or" Progressive Insurance Company, ACS Transport, LLC

---

[1] *Id.* at ¶¶2-5.
[2] *See* Plaintiff's Petition for Damages, attached hereto as Exhibit A.

{S0501026.1}            1

"and/or" Zaza Transport LLC, and Zekeriya Kasap.[3] Plaintiff claims that Kasap crashed his 2021 Dodge Ram 3500 into Plaintiff's 2021 Toyota Rav 4 when Kasap failed to yield the right of way while entering the traffic circle located on Veterans Avenue from the southbound lanes of Southwest Railroad Avenue.[4] Plaintiff further asserts that Kasap was acting in the course and scope of his employment for ACS Transport at the time the accident occurred.[5] He further alleges that Drive New Jersey issue a policy of liability insurance to ACS Transport and/or Kasap which includes coverage for his damages described in the Petition.[6]

2. Drive New Jersey issued Commercial Auto Policy number 03824450 wherein ACS Transport LLC was the named insured.[7] The policy is incorporated by reference in the Plaintiff's Petition and affords liability coverage of $750,000 combined single limit.[8]

3. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between the Plaintiff and Defendant.

4. Plaintiff alleges that he sustained severe personal injuries to his head, neck, back, and other anatomy in the accident.[9] He seeks compensation for eleven (11) categories of damages from all defendants, including medical expenses, physical and mental pain and suffering, disability, lost wages, and property damages.[10] Plaintiff asserts, in accordance with Louisiana Code of Civil Procedure article 893, that all "defendants are justly and truly indebted

---

[3] *Id.* at ¶1.
[4] Exhibit A at ¶¶2-5.
[5] *Id.* at ¶10.
[6] *Id.* at ¶9.
[7] *See* Drive New Jersey Commercial Auto policy number 03824450, attached hereto as Exhibit D.
[8] *Id.*
[9] Exhibit A at ¶12.
[10] *Id.* at ¶15.

to Plaintiff in an amount sufficient to satisfy the jurisdictional requirements of this Court, and more than $75,000."[11]

5. Drive New Jersey did not file an original Answer in state court prior to removal.

6. Drive New Jersey now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal with the state court in which this case was previously pending.

## II. GROUNDS FOR REMOVAL

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a) in that this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, which is derived from the characterization of damages and claims of the Plaintiff cited above in the Petition for Damages, and the suit is between citizens of different states; thus, this suit is removable pursuant to 28 U.S.C. § 1441, et seq.

8. Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1332.

### A). Complete Diversity Exists Between the Parties

9. Plaintiff, Jason Anderson, alleges that he is domiciled in the Parish of Tangipahoa, State of Louisiana.[12] Accordingly, Plaintiff is a citizen of the State of Louisiana for the purposes of diversity jurisdiction.

10. Defendant, Zekeriya Kasap, is alleged to be domiciled in Clifton, New Jersey.[13] Accordingly, upon information and belief, Kasap is a citizen of the State of New Jersey for the purposes of diversity jurisdiction.

11. Defendant, Drive New Jersey Insurance Company was incorporated in New Jersey and maintains its principal place of business in Ohio. Therefore, Drive New Jersey is a

---

[11] Exhibit A at ¶1.
[12] *Id.*, at Introductory Paragraph.
[13] *Id.* at ¶ 1.

citizen of the States of New Jersey and Ohio for diversity purposes pursuant to 28 U.S.C. § 1332(c)(1).

12.    Defendant, ACS Transport LLC is a Limited Liability Company. Accordingly, ASC derives its citizenship from its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a LLC is determined by the citizenship of all of its members.").

13.    Per the New Jersey Department of the Treasury, Division of Revenue and Enterprise Services, the Certificate of Formation for ACS identifies only one member of the LLC: Sonay Tepe, whose address is listed as 133 Park Avenue, Jackson, New Jersey 08527.[14] Upon information and belief, Ms. Tepe is a New Jersey citizen because she resides in New Jersey. Accordingly, Defendant ACS Transport LLC is a citizen of the State of New Jersey for diversity purposes because its sole member is a citizen of the State of New Jersey.

14.    Defendant, Zaza Transport LLC is a Limited Liability Company. Accordingly, Zaza derives its citizenship from its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a LLC is determined by the citizenship of all of its members.").

15.    Per the New Jersey Department of the Treasury, Division of Revenue and Enterprise Services, the Certificate of Reinstatement for Zaza identifies only one member of the LLC: Ramazan Atali, whose address is listed as 1709 Lexington Avenue, Apt. 3, Lakewood, New Jersey, 08701.[15] Upon information and belief, Mr. Atali is a New Jersey citizen because he resides in New Jersey. Accordingly, Defendant Zaza Transport LLC is a citizen of the State of

---

[14] *See* Certificate of Formation for ACS Transport LLC filed on December 30, 2020, attached hereto as Exhibit E.
[15] *See* Certificate of Reinstatement for Zaza Transport LLC filed on November 7, 2018, attached hereto as Exhibit F.

New Jersey for diversity purposes because its sole member is a citizen of the State of New Jersey.

16. Upon information and belief, Defendant "Progressive Insurance Company" is a non-existent legal entity and, therefore, is not a proper defendant to this litigation. Rather, the Petition reflects that "Progressive Insurance Company" is simply a misnomer for Drive New Jersey Insurance Company, which is the proper legal entity that issued the insurance policy in this litigation. However, the inclusion or exclusion of Defendant Progressive Insurance Company would not affect the complete diversity of the parties in this matter because Defendant Progressive Insurance Company is alleged to be a foreign insurer domiciled in the State of Ohio.[16] Based on this allegation, Progressive Insurance Company would be a citizen of the State of Ohio for diversity purposes pursuant to 28 U.S.C. § 1332(c)(1).

**B).  The Amount in Controversy Exceeds $75,000.00**

17. Although Defendant, Drive New Jersey, denies liability to Plaintiff for the claims made herein, the allegations establish that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

18. The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, "[t]he defendant may prove that amount either 1) by showing that it is facially apparent that the plaintiff's claims exceed the

---

[16] Exhibit A at ¶1.

jurisdictional amount; or (2) by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen* at 1335.

19. To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014); *see also Yor-Wic Constr. Co., Inc. v. Eng'g Design Techs., Inc.*, 2017 WL 3447808, at *2 (W.D. La. Apr. 19, 2017), *report and recommendation adopted*, No. CV 17-0224, 2017 WL 3431845 (W.D. La. Aug. 9, 2017).

20. In this case, it is facially apparent from the allegations of Plaintiff's Petition that the amount in controversy exceeds $75,000.

21. The United States Supreme Court has held that, with respect to the amount in controversy, a plaintiff must make all information known at the time he files the complaint. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). Further, the Fifth Circuit has held that when a state law prohibits a plaintiff from including an *ad damnum* clause, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (*quoting In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 US 283, 58 S. Ct. 586 (1938)). The state court stipulation from the plaintiff must include the renunciation of the right to enforce a judgment in an amount greater than $75,000. *See Davis v. State Farm Fire and Casualty, et. al.,* 2006 WL 1581272, *2 (E.D. La. 2006).

22. Moreover, if a plaintiff's claim seeks less than the amount required for the exercise of federal jurisdiction, Louisiana civil procedure **requires** that a plaintiff specifically allege so in his petition. *Id.* Specifically, La. C.C.P. article 893 states, in pertinent part:

> A.(1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. **The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish** the jurisdiction of the court, the right to a jury trial, **the lack of jurisdiction of federal courts due to insufficiency of damages**, or for other purposes, **a general allegation that the claim exceeds or is less than the requisite amount is required**. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

La. C.C.P. art. 893. Some courts have found a plaintiff's failure to affirmatively allege this limitation in his petition is itself sufficient to establish the amount in controversy exceeds $75,000. *Cf. Sonnier*, 2006 WL 3924238, at *1[17] *with Lowrie*, 2015 WL 9685508, at *1.[18]

23. Here, rather than filing a binding stipulation or plead a damages limitation, Plaintiff has expressly stated that his damages exceed $75,000. At the end of paragraph 2 of his Petition for Damages, Plaintiff specifically asserts that all "defendants are justly and truly indebted to Plaintiff in an amount sufficient to satisfy the jurisdictional requirements of this Court, and more than $75,000."[19] He then supports this contention with allegations that he sustained severe personal injuries to his head, neck, back, and other anatomy in the accident[20]

---

[17] "Here, the petition contains no such limitation. Thus, plaintiff has, in effect, conceded in his state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 58 S.Ct. 586, 591 (1938). **Accordingly, it is "facially apparent" that the amount in controversy exceeds $75,000**."

[18] "Second, Article 893 allows a plaintiff to pray generally that there is a lack of jurisdiction of federal courts due to insufficiency of damages, but Plaintiff did not do so. The mere lack of such allegation is insufficient to establish the amount in controversy, but it is entitled to some consideration in the inquiry."

[19] Exhibit A at ¶1.

[20] Exhibit A at ¶12.

and claims for eleven (11) separate categories of damages from all defendants, including medical expenses, physical and mental pain and suffering, disability, lost wages, and property damages.[21]

24. Accordingly, while Drive New Jersey admits neither liability nor any element of damages, it has met its burden of showing the amount in controversy, as pled, exceeds $75,000.00.

### III. VENUE

25. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending in the 19 Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

### IV. PROCEDURAL REQUIREMENTS

26. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Plaintiff's Petition for Damages |
| B. | Drive New Jersey's Certificate of Compliance |
| C. | State Court Record |
| D. | Drive New Jersey Commercial Auto policy number 03824450 |
| E. | Certificate of Formation for ACS Transport LLC |
| F. | Certificate of Reinstatement for Zaza Transport LLC |

27. This Notice of Removal is being filed within thirty (30) days of September 26, 2023, the date on which Plaintiff mailed a copy of the Petition to Drive New Jersey's registered

---

[21] *Id.* at ¶15.

agent for service of process.[22] This notice of removal is thus timely filed under 28 U.S.C. §1446(b).

28. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice as Exhibit C.

29. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. Exhibit B.

30. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, promptly after filing of same. Exhibit B.

31. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served join and consent to the removal of this action. Upon information and belief, the only defendant who has been properly served at this time is Drive New Jersey Insurance Company.[23]

**WHEREFORE**, Defendant, Drive New Jersey Insurance Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

---

[22] Exhibit A, at p. 4.

[23] The state court record also reflects service on the Louisiana Secretary of State for Defendant Progressive Insurance Company. As discussed above in paragraph 14, "Progressive Insurance Company" is a non-existent legal entity and a misnomer for Drive New Jersey. As such, Drive New Jersey does not require their consent prior to removal of this action. *See e.g. Romano v. Dollar Gen. Store No. 10500*, No. CV 19-2376, 2020 WL 256149, at *1 (E.D. La. Jan. 17, 2020).

        Respectfully submitted,

        */s/ Marco J. Salgado*
        SHANNON S. SALE, #30080
        MARCO J. SALGADO, #37855
        STRAUSS MASSEY DINNEEN LLC
        935 Gravier Street, Suite 1250
        New Orleans, Louisiana 70112
        Telephone: (504) 380-0290
        Facsimile: (504) 332-8434
        ssale@smd-law.com
        msalgado@smd-law.com

        *Attorneys for Drive New Jersey Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

        */s/ Marco J. Salgado*
        MARCO J. SALGADO